

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>LEONA'S PIZZERIA, INC.<br><br>　　　　　　　Defendant. | Case No. 12 CV 7335<br><br>Judge Zagel<br>Magistrate Nolan |

### CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant Leona's Pizzeria, Inc. ("Defendant") breached a Conciliation Agreement between Defendant and EEOC resolving the EEOC's reasonable cause finding of sexual harassment on behalf of a class of female employees at Defendant. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC.

### GENERAL PROVISIONS

1. The Charging Party agrees not to sue the Defendant with respect to any allegations contained in EEOC Charge No. 440-2008-04570. The EEOC agrees not to use Charge No. 440-2008-04570 as the jurisdictional basis for filing a lawsuit against the Defendant on the merits of the Charge allegations.

2. The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission against Defendant.

3. The Defendant agrees that it shall comply with all requirements of Title VII, specifically the prohibitions against sex harassment.

4. The Defendant agrees that it will not discriminate against any person because of his or her opposition to any practice declared unlawful under Title VII, or his or her filing of a charge, or testifying or participating in any manner in an investigation, proceeding or hearing under Title VII.

5. The EEOC representative to whom all certification and/or notifications required by this

Decree shall be submitted is Gregory Mucha, Investigator, 500 West Madison Street; Suite 2000; Chicago, IL 60661, (312) 869-8135.

6. This Consent Decree shall remain in effect for a period of sixty (60) months from the date that it is entered by the Court.

## CHARGING PARTY, AFFECTED CLASS RELIEF

7. Defendant agrees to pay the Charging Party the sum of forty thousand dollars and no cents ($40,000.00) as compensatory damages as described in paragraph 9 below.

8. Defendant agrees to pay thirty-five thousand dollars and no cents ($35,000.00) as compensatory damages to the affected class identified by the EEOC as specified in paragraph 9 below. EEOC will provide a list of the affected class members to Defendant with the amounts to be paid to each class member and contact information.

9. Within ten (10) days of entry of the Decree, the Defendant will deliver payment via certified mail return receipt requested to the Charging Party and each Class Member at their respective home addresses. The payments will be reflected on an IRS Form 1099, which will be issued by Defendant to the Charging Party and each Class Member. Charging Party and each Class Member shall be responsible for any taxes that may be due under law.

10. The Affected Class, including the Charging Party, will be required to execute and deliver a private settlement agreement separate from this Decree. The EEOC has not participated in the negotiation of, is not a party to, and has no position with respect to that private settlement agreement, as the EEOC has no information regarding it other than the representation reflected in the preceding sentence. The provision for payment in paragraph 7 and 8, above, is duplicative of the payment to be made under the private settlement agreement and does not provide for additional monies or funds.

## TRAINING

11. Defendant agrees to retain an experienced outside consultant to conduct training on Title VII for all employees at least once a year for the duration of this Decree. The purpose of this training is to educate both management and non-management employees on the definition of discrimination under Title VII, specifically sex harassment and discrimination; examples of conduct which constitute such discrimination; appropriate responses to complaints of discrimination, and the rights and responsibilities of management and non-management employees. All employees will be required to attend. Defendant agrees that within thirty (30) days of entry of the Decree, it shall submit the following information to the EEOC representative for review: a. name, address, telephone number, résumé and appropriate credentials of the proposed trainer; b. proposed date(s) of the training and make up training session; and c. proposed schedule and contents of training. The selection of the consultant and content of the training shall be subject to review by the EEOC.

12. Within ninety (90) days of Defendant submitting information as specified in paragraph 11, above, to the EEOC, and if there is no objection by the EEOC, Defendant shall begin the training as outlined in paragraph 11, above. If the EEOC objects to the proposed training, Defendant will submit a new proposal of training within thirty (30) days of receiving the EEOC's objection. Defendant further agrees that after it has submitted the revised training proposal and the EEOC has not objected to it, Defendant agrees to conduct the training within ninety (90) days. An EEOC representative may observe the training.

## EMPLOYMENT POLICIES AND PROCEDURES

13. Within sixty (60) days following the entry of this Decree, Defendant shall submit in writing for the EEOC's review a non-discrimination policy under Title VII. This policy shall contain, at a minimum:

   a. a clear explanation of the prohibited conduct;

   b. assurance that employees who make complaints or provide information related to such complaints will be protected against retaliation;

   c. a clearly described complaint process that provides accessible and alternate avenues of complaint;

   d. assurance that the Defendant will protect the confidentiality of complainants to the extent possible;

   e. a complaint process that provides a prompt, thorough, and impartial investigation; and

   f. assurance that the employer will take immediate and appropriate corrective action when it determines that a violation has occurred.

14. Defendant agrees that if the EEOC objects to the proposed non-discrimination policy, it will submit a new proposal to the EEOC within thirty (30) days of receiving the EEOC's objection. Defendant further agrees that after it has submitted a revised non-discrimination policy and the EEOC has not objected to it, Defendant agrees to distribute the non-discrimination policy to all employees within thirty (30) days of the EEOC's approval and have employees acknowledge receipt of the same in writing. Defendant also agrees to distribute the non-discrimination policy to all new employees upon hire.

## POSTING OF NOTICE

15. Within thirty (30) days of entry of this Decree, Defendant shall conspicuously post a copy of the Notice attached as Exhibit A on all employee bulletin board(s) at Defendant's Oak Lawn facility. Defendant shall ensure that the Notice(s) are not covered, defaced, or otherwise altered in any way for the duration of the posting period. These Notice(s) shall remain posted for the duration of this Agreement.

## REPORTING

16. Within thirty (30) days of issuing payment to the Charging Party and Each Class Member, Defendant agrees to provide Gregory Mucha, Investigator, a verification of the payment as specified in paragraph 9, above.

17. Within thirty (30) days after the completion of each session of the training, Defendant agrees to certify to the EEOC, as specified in paragraph 11, above, that it was conducted and that all employees attended by listing each attendee's name, position title, and signature of attendance.

18. Within thirty (30) days of the non-discrimination policy's distribution, Defendant agrees to certify to the EEOC that the requirements of paragraph 14, above, have been met.

19. Within thirty (30) days of the entrance of this Decree, Defendant shall certify to the EEOC that the Notice has been properly posted as set forth in paragraph 15, above.

20. Every three (3) months for the duration of this Decree, Defendant shall provide to the EEOC, for each employee that complains of Title VII – sex discrimination or whose complaint was investigated during this three (3) month period, the following information in writing:

    a. name, home address, and telephone number(s);

    b. sex;

    c. to whom the complaint was made;

    d. date of complaint;

    e. content of complaint;

    f. status of complaint;

    g. disposition of complaint, if applicable;

    h. date of disposition of complaint, if applicable; and

    i. name and title of the person(s) who are investigating/investigated the complaint.

## BREACH OF AGREEMENT

21. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that

4

the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## **MISCELLANEOUS PROVISIONS**

22. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

23. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

24. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

25. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.


**ENTERED AND APPROVED FOR:**


For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ John Hendrickson
John Hendrickson
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
E-Mail: john.hendrickson@eeoc.gov

/s/ Diane I. Smason
Diane I. Smason
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8120
E-Mail: diane.smason@eeoc.gov

/s/ Aaron R. DeCamp
Aaron R. DeCamp
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8106
E-Mail: aaron.decamp@eeoc.gov

For Leona's Pizzeria

_____

ENTER:								DATE:

*James B. Zagel*						JAN 3 0 2013

_____				_____
The Honorable Judge James B. Zagel
United States District Judge